IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEE DUCKSWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 9075 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' cross motions for summary judgment. For the reasons stated below, Plaintiff Renee Ducksworth's (Ducksworth) and Defendant Social Security Administration's (SSA) motions for summary judgment are denied and Ducksworth's alternative motion to remand is granted. This matter is remanded to the SSA for further proceedings consistent with this opinion.

**BACKGROUND**

Ducksworth filed an application for Supplemental Security Income (SSI) on January 14, 2008, and an application for Disability Insurance Benefits (DIB) on

January 7, 2009. Ducksworth contends that she has a history of health problems that include asthma, hypertension, depression, heart palpitations, and headaches, and problems with various joints, her knees, and her spine. Ducksworth alleges an onset date of January 27, 2008, and indicates that she was insured for DIB purposes through at least December 31, 2008. After a hearing before the administrative law judge (ALJ), the claims for SSI and DIB were denied. The Appeals Council upheld the denial of the claims and Ducksworth brought the instant action. Both parties have now filed summary judgment motions.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), a party can seek judicial review of administrative decisions made under the Social Security Act. When an ALJ's decision is deemed to be "the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

**DISCUSSION**

An ALJ examines a claim of disability under a five-step process. *Craft v. Astrue*, 539 F.3d 668, 673-74 (7th Cir. 2008). In step one, the ALJ "considers whether the applicant is engaging in substantial gainful activity." *Id.* In step two, the ALJ "evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement." *Id.* In step three, the ALJ "compares the impairment to a list of impairments that are considered conclusively disabling." *Id.* If the applicant's impairment satisfies "or equals one of the listed impairments, then the applicant is considered disabled" and the inquiry ends. *Id.* If the inquiry continues, in step four, the ALJ "assesses an applicant's" residual functional capacity (RFC) "and ability to engage in past relevant work." *Id.* In step five, the ALJ "assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work" and "[i]f the applicant can engage in other work, he is not disabled." *Id.*

In the instant action, Ducksworth argues that the ALJ erred: (1) by failing to acknowledge at step two of the inquiry that Ducksworth's headaches are a severe impairment, (2) by making an improper RFC determination, and (3) by making improper credibility determinations.

I. Assessment of Headaches

Ducksworth argues that the ALJ erred by failing to recognize that Ducksworth's headaches constitute a severe impairment. The Supreme Court has recognized that the impairment severity regulation in step 2 is "a *de minimis* screening device. . . ." *Johnson v. Sullivan*, 922 F.2d 346, 347 (7th Cir. 1990)(citing *Bowen v. Yuckert*, 482 U.S. 137 (1989)); *see also Hughes v. Astrue*, 2011 WL 5867978, at *10 (N.D. Ill. 2011)(stating that "[t]he severe impairment requirement has been termed a *de minimis* requirement designed to weed out frivolous claims"). In the instant action, the ALJ found that Ducksworth has the following severe impairments: chronic obstructive pulmonary disease, a heart condition, obesity, osteoarthritis of the lumbar spine and knees, and a schizoaffective disorder. (AR 19). The ALJ did not list Ducksworth's headaches as a severe impairment. (AR 19). Nor did the ALJ provide an adequate justification in step two of the analysis explaining why she listed certain severe impairments or omitted Ducksworth's claimed severe headaches from the list. (AR 19-26). As Ducksworth correctly points out, there was evidence in the record concerning the severity of her headaches. (AR 65, 304, 390, 393). SSA argues that there was not sufficient objective medical evidence to show that Ducksworth's headaches constituted a severe impairment. However, even aside from Ducksworth's own testimony, there is evidence in the record that Ducksworth

4

was diagnosed with and treated for severe headaches by medical professionals on multiple occasions. (304, 390, 393). The ALJ failed to adequately address such relevant evidence in the record and the ALJ has failed to properly explain the basis for her findings at step 2 of her inquiry. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011)(indicating that an ALJ must "build the requisite 'logical bridge' between the evidence and her conclusion")(quoting *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009)); *see also Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)(stating that "although the ALJ need not discuss every piece of evidence in the record . . . the ALJ may not ignore an entire line of evidence that is contrary to the ruling," and that "[o]therwise it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence"). The ALJ also had a duty to "develop a full and fair record" in regard to Ducksworth's headaches, and on remand the ALJ shall expand the record as needed to properly assess the severity of Ducksworth's headaches. *See Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012)(indicating that the ALJ must fully develop the record to address any skepticism as to the severity of the applicant's headaches); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000)(stating that "[f]ailure to fulfill th[e] obligation" to develop a "full and fair record" constitutes "'good cause' to remand for gathering of additional evidence").

SSA argues in its motion for summary judgment that Ducksworth's headaches did not meet the durational requirement to qualify as a severe impairment. A disability for DIB purposes is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1). Although SSA now offers an ad hoc justification relating to the durational requirement, the ALJ made no finding regarding the requirement in regard to Ducksworth's headaches. Nor has SSA shown that, based on the record, the durational requirement is not met in this case. SSA points to evidence of certain treatment dates and argues that the treatment dates are more than 12 months apart. (DSJ 5). However, as correctly pointed out by Ducksworth, under 42 U.S.C. § 423(d)(1), it is the impairment that must be chronic for a continuous 12 months. There is no requirement in 42 U.S.C. § 423(d)(1) that the dates of treatment or treatment records be continuous or be within a 12 month period. On remand, the ALJ and the parties should more fully develop the record regarding the extent and seriousness of Ducksworth's headaches in order to properly assess whether the headaches qualified as a severe limitation.

II. RFC Determination

Ducksworth argues that the ALJ also erred by making an improper RFC determination. As with an ALJ's other findings, in determining an applicant's RFC, the ALJ must adequately explain the basis underlying the ALJ's findings. *See Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)(concluding that the ALJ "failed to build the accurate and logical bridge from the evidence to his conclusion" in regard to the RFC "so that, [a reviewing court could] assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review")(internal quotations omitted)(quoting *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002)).

In the instant action, the ALJ stated that she gave "partial weight" to the non-examining state agency medical consultant Dr. Julie Pardo, M.D.'s (Pardo) assessment of Ducksworth's physical RFC. (AR 26). The ALJ further stated that she gave "great weight" to Pardo's assessment of Ducksworth's "non-extertional limitations" and Prado's assessment of Ducksworth's asthma and arthritis. (AR 26). The ALJ also stated that she gave "significant weight" to the opinion of the non-examining state agency mental health professional, Dr. Ronald Havens, Ph.D. (Havens). (AR 26). The ALJ fails, however, to adequately explain her cursory statements as to the weight she assigned to the opinions of Pardo and Havens. The ALJ must offer more than conclusory statements such as that Pardo's opinions are

7

"supported by the objective medical evidence" and that the ALJ engaged in "careful consideration of all the evidence." (AR 17, 26). On remand, the ALJ must adequately discuss the opinions of Pardo and Havens and adequately justify the extent of her reliance upon such opinions.

III. Credibility Determinations

Ducksworth also argues that the ALJ erred in making certain credibility determinations. Although an ALJ's credibility determinations are given deference, that deference is "not unlimited. . . ." *Shauger*, 675 F.3d at 696 (stating that "[t]he ALJ must consider a number of factors imposed by regulation . . . and must support credibility findings with evidence in the record"); *see also Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000)(stating that a court will reverse "[a]n ALJ's credibility determination only if the claimant can show it was 'patently wrong'"). Ducksworth points to several findings that the ALJ made concerning Ducksworth's credibility on certain points. Ducksworth contends that, based on certain statements made by the ALJ in her decision relating to her credibility findings, the ALJ may have misunderstood certain evidence or overlooked certain evidence. For example, the ALJ found an inconsistency in certain statements made by Ducksworth, but the ALJ specifically relied upon a notation in a record that occurred on November 15, 2007,

prior to the onset date of January 27, 2008 alleged in this case. (AR 24, 335). It also appears that the ALJ construed a notation in that document referring to a lack of pain during the daytime to refer to a complete lack of pain, and failed to realize that the document appears to be referring only to a lack of pain in Ducksworth's legs. (AR 24, 335). Another example is that the ALJ discounted Ducksworth's credibility based on certain notes by Doctor William Hilger, Ph.D., but the ALJ did not appear to consider the effect of Ducksworth's schizoaffective disorder, which the ALJ had herself acknowledged in her decision. (AR 25-26). Since this action will be remanded, the ALJ shall also take the opportunity to reevaluate the evidence as it relates to Ducksworth's credibility, to further develop the record, and to collect new evidence as needed.

Based on the above, although Ducksworth has not shown that the record conclusively establishes that her claims should be granted, Ducksworth has shown that the ALJ failed to properly address all aspects of the five-step analysis in her decision and failed to adequately develop the record. Therefore, Ducksworth's motion for summary judgment is denied, her alternative motion to remand is granted, and SSA's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, Ducksworth's and SSA's motions for summary judgment are denied and Ducksworth's alternative motion to remand is granted. This matter is remanded to the SSA for further proceedings consistent with this opinion.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 24, 2012